UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mitchell J. Wolf, et al.,

    Plaintiffs,

v.                                Case No.: 19-10647

Howard Hanna Company, *et al.*,      Honorable Sean F. Cox

    Defendants.

_____/

## ORDER TO SHOW CAUSE

Plaintiffs filed this action on March 4, 2019, asserting subject matter jurisdiction through diversity of citizenship pursuant to 28 U.S.C. § 1332.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Having reviewed Plaintiffs' complaint, the Court is not persuaded that Plaintiffs have adequately alleged the necessary facts to establish the existence of diversity jurisdiction. Accordingly, the Court will order Plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Under 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are: 1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that complete diversity of citizenship exists between the disputing parties.

First, Plaintiff has not adequately alleged the citizenship of Defendant Barristers Of Ohio, LLC.

For purposes of diversity jurisdiction, a "limited liability company is not treated as a

corporation." *Homfeld II, LLC v. Comtair Holdings, Inc.*, 53 Fed. Appx. 731 (6th Cir. 2002); *see also Delay v. Rosenthal Collins Group*, *LLC*, 585 F.3d 1003 (6th Cir. 2009). Rather, a limited liability company "has the citizenship of its *members*." *Id.* (emphasis added).

"When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well." *Delay, supra*.

Accordingly, Plaintiffs must identify each member (and any sub-members) of Defendant Barristers of Ohio, LLC and must also identify the citizenship of each member (and any sub-members).

Second, Plaintiffs have not adequately alleged the citizenship of each corporation that is a party to this action. For diversity purposes, a corporation is deemed a citizen of the state wherein it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332. For each corporation that is a party to this case, Plaintiffs must identify: 1) the state wherein that entity was incorporated; and 2) the state wherein that entity has its "principal place of business."

Accordingly, the Court **ORDERS** Plaintiffs to **SHOW CAUSE,** in writing, no later than **March 13, 2019,** why this action should not be dismissed for lack of subject matter jurisdiction. **Plaintiffs' response must identity all of the information discussed above.**

   IT IS SO ORDERED.

                              s/Sean F. Cox
                              Sean F. Cox
                              United States District Judge

Dated:  March 6, 2019